UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY BINGA,

                                Plaintiff,

v.                                                     Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Gregory Binga is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a domestic business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt for student loans. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

13. That in or about September 2009, Plaintiff received his first contact from Defendant NCO. Defendant informed Plaintiff the call was in reference to his student loan debt. Plaintiff explained that at the moment he was living on a fixed income of social security and was not going to be able to pay. Defendant became upset and told Plaintiff that it didn't matter, Defendant would garnish his social security income. Thereafter the conversation was terminated.

14. That in or about September 2009, Defendant contacted Plaintiff's sister-in-law Mary Binga. Defendant representative "Peter" called and informed Mary Binga that he was calling for Plaintiff. Mary Binga informed Defendant that Plaintiff did not live there. Defendant then asked Mary Binga to give Plaintiff a message. Defendant gave Mary Binga an account number and disclosed that he worked for NCO Financial Systems, and that Gregory Binga owed a debt. Defendant requested Mary give Plaintiff the account number and have him call Defendant. Prior to Defendant's disclosure Mary Binga was unaware that Plaintiff owed a debt.

15. That in or about October 2009, Plaintiff spoke with his sister-in-law Mary Binga, and she informed him of the conversation she had with Defendant.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) by telling Plaintiff his social security income would be garnished. Defendant had neither the legal authority not intent to garnish Plaintiff's social security income. Said action was false, deceptive, and misleading in an attempt to collect the subject debt.

    B. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), and 15 U.S.C. §1692c(b) by calling Plaintiff's sister-in-law for purposes other than correcting or confirming location information, and for disclosing that Plaintiff owes a debt.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 3, 2010

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com

3